UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> FRONTLINE PRIVATE SECURITY, L.L.C., <br> and MAGNUM FOGELSTROM, Individually, <br><br> Defendants | Civil Action No. 8:22-cv-37 |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Frontline Private Security, L.L.C. ("Frontline Private Security") and Magnum Fogelstrom (collectively, "Defendants") from violating Sections 207 and 215(a)(2) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from August 19, 2019 through August 18, 2021 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant Frontline Private Security is a limited liability company within this Court's jurisdiction with an office at 2510 N. 85th Street, Omaha, Nebraska 68134 where it conducts business.

4. Defendant Frontline Private Security provides security personnel and security system installation and monitoring.

5. Defendant Magnum Fogelstrom has actively managed and supervised Frontline Private Security's operations and its employees during the Investigation Period. Among other things, Magnum Fogelstrom has hired and fired employees, set their work schedules, and set their pay rates.

6. Magnum Fogelstrom has acted directly or indirectly in Frontline Private Security's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Douglas County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. Frontline Private Security is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Frontline Private Security is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

10. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Specifically, Defendants paid nonexempt employees an hourly rate for overtime hours worked that was less than one-and-one-half times their regular rates, including paying an employee their regular rate for overtime hours. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Further, Defendants misclassified some employees as overtime exempt. The employees at issue were not paid the minimum salary rate under 29 C.F.R. Part 541, and thus, did not meet the minimum salary requirements for an overtime exemption.

**Remedies Sought**

12. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

13. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

14. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

15. Moreover, Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

16. Specifically, Defendants acted willfully when they had notice of the FLSA's requirements to pay an overtime wage of one-and-one half an employees' regular rate by virtue of prior investigations conducted by Wage and Hour, agreeing to pay unpaid overtime wages as a result of those earlier investigations, and assuring the Secretary that they were comply with the FLSA in the future. One prior investigation occurred in 2010, involving paying straight time for overtime hours worked.

17. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207 and 215(a)(2) of the FLSA. 29 U.S.C. § 217(a).

B.Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.Providing such other relief as may be necessary and appropriate.

E.Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

s/ Elaine M. Smith
Elaine M. Smith
MO Bar Number: 69352
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
816-285-7262
Smith.elaine.m@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*